# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 24, 2012

## JAMAAL M. MAYES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 246359    Don W. Poole, Judge**

_____

**No. E2011-01337-CCA-R3-CO - Filed February 17, 2012**

_____

In 2006, the Defendant, Jamaal M. Mayes, pled guilty to one count of attempted second degree murder and one count of especially aggravated robbery, and the trial court entered the agreed upon sentence of fifteen years in the Tennessee Department of Correction, to be served as a multiple offender.  In 2011, the Defendant filed a pro se "motion; application to void the judgment."  The trial court denied the motion, finding that it lacked jurisdiction.  On appeal, the Defendant contends that the trial court erred when it denied his motion.  After a thorough review of the record and applicable authorities, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and JEFFREY S. BIVINS, JJ., joined.

Jamaal M. Mayes, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; William H. Cox, III, District Attorney General; Neal Pinkston, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I.  Facts and Procedural History

In October 2003, a Hamilton County grand jury indicted the Defendant on charges that, on June 21, 2003, the Defendant attempted to kill the victim, Charles H. Porter, while robbing him with a weapon and causing him serious bodily injury.  The Defendant pled guilty to one count of attempted second degree murder and one count of especially aggravated

robbery.  At the guilty plea submission hearing the State  summarized the proof supporting the guilty plea:

> [I]f the matter had gone to trial, the State would show June 21st of 2003, Chattanooga Police Department was notified of an individual who was shot numerous times, he was [lying] on the railroad tracks on Shipp Avenue in the Alton Park area.  They – Chattanooga Police Department, led by Ken Freeman, were able to identify the victim as Charles Porter, however, there was no identification on him, they were later then able to identify him.  His vehicle was found at Krystal on Broad Street, close to the area where he was found shot and it was Mr. Porter's habit that he walked those railroad tracks, that was one of his habits, that that's what he did.
>
> Police later found an Anthony Carter and an Ingrid Tucker were at Northgate Mall using debit, credit cards belonging to Mr. Porter.  That was their first substantial lead.  That led them to them.
>
> Mr. Carter identified, that was brought in for questioning, identified that he was with one Australia Dunigan, as well as [the Defendant], and that [the Defendant] shot Mr. Porter.  Mr. Porter was shot three times, once to the head that exited his jaw and then two shots to his arm.
>
> [The Defendant] was later, obviously brought in and gave a statement and was arrested and charged with these crimes.
>
> When police executed a search warrant on [the Defendant's] home, a .38 caliber pistol was found, however, the .38 was not from this incident, Mr. Porter was shot with a 9mm.  Casings at the scene verified that.
>
> [The Defendant], in his bedroom, was found in possession of Mr. Porter's licen[s]e, but the credit card and debit cards all ended up in the hands of Mr. Carter.
>
> As the Court knows, [the Defendant] gave a statement to Chattanooga law enforcement authorities wherein at first he did not admit to the shooting but later admitted to shooting Mr. Porter.  And Ms. Marsa filed a motion to suppress that statement and this Court suppressed the statement, and I think it would be safe to say not because of what law enforcement did, but due to a competency issues that [the Defendant] had at the time dealing with mental retardation; there were several experts that testified to that.

With that in mind, at trial we couldn't use the statement and the eyewitnesses that we had, obviously their credibility would be a great issue because they were using property that belonged to Mr. Porter for their benefit. And further note that Mr. Anthony Carter is in the Department of Correction[] serving a sentence for other matters as well as the matters involving Mr. Porter and . . . the gun was [never] recovered . . . [but the proof would have been it belonged to Mr. Dunigan]. So there was some credibility issues with the eyewitnesses.

Based upon this evidence and after questioning the Defendant, the trial court accepted the Defendant's plea of guilty and entered the agreed sentences of twelve years and fifteen years, to be served concurrently, as a multiple offender.

In 2011, the Defendant filed a motion titled "Application to Void the Judgment." In this motion, he asked the trial court to void his judgment pursuant to Tennessee Rule of Civil Procedure 60.02. He asserted in the motion that he was not a multiple offender. He acknowledged that he had previously been convicted of attempted child rape. He stated, however, that this was not a sufficient basis upon which to find he was a multiple offender. He further asked the trial court to merge his convictions because they were part of the same criminal episode. He requested that the trial court void his judgments of conviction.

The trial court issued an order denying the motion. The trial court first noted that Tennessee Rule of Civil Procedure 60 is not applicable to the Defendant's case. It further found that the Defendant's motion did not constitute a petition for habeas corpus relief because it did not assert that his sentence was illegal or that the judgments were void. It then stated:

> In any event, the petitioner's sentences are not illegal. Although a Range I offender may not be sentenced as a Range I offender to a Range II term, he may agree, as did the petitioner, to be sentenced as a Range II offender to a Range II term. *See State v. McConnell*, 12 S.W.3d 795, 798 (Tenn. 2000) (holding that offender classification and release eligibility are negotiable, *i.e.*, non-jurisdictional); Tenn Code Ann. § 39-12-107 (classifying, with inapplicable exception, criminal attempt as an offense one classification lower than the offense attempted); Tenn. Code Ann. § 39-13-210)b) (classifying second degree murder as a Class A felony); Tenn. Code Ann. § 39-13-403(b) (classifying especaillay aggravated robbery as a Class A felony); Tenn. Code Ann. § 40-35-112(b)(2) (defining a Range II sentence for a Class B felony as "not less than twelve (12) nor more than twenty (20) years").

The trial court also found that the Defendant's motion did not properly raise grounds for relief pursuant to a petition for post-conviction relief and that it was filed beyond the limitations period for such a petition. Ultimately, the trial court denied the motion based upon its lack of jurisdiction.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that he was improperly classified as a Range II multiple offender when sentenced because he had previously been convicted of only one felony. The State counters that the trial court properly dismissed the Defendant's petition.

We first note that the Defendant's judgment of conviction was entered on November 1, 2006. Accordingly, we hold that a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence. *State v. Green,* 106 S.W.3d 646, 650 (Tenn. 2003). Therefore, the Defendant's judgment in this case became final on December 1, 2006, five years before he filed the motion that is the subject of this appeal.

The motion, even if construed as a petition for post-conviction relief, was not timely filed. The Post-Conviction Procedure Act requires that petitions for post-conviction relief be filed within one year of the date that the judgment becomes final or consideration of the petition is barred. T.C.A. § 40-30-202(a) (2006). The Defendant's motion is, therefore, not reviewable as a petition for post-conviction relief.

Finally, even if construed as a habeas corpus petition, we conclude that the Defendant is not entitled to relief. The right to seek habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." However, the grounds upon which habeas corpus relief will be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). A petitioner is entitled to habeas corpus relief only if the petition establishes that the challenged judgment is void, rather than merely voidable. *Id.*; *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A judgment is void "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn.1868)); *see also State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). A sentence

imposed in direct contravention of a statute is void and illegal and subject to attack in a habeas corpus proceeding. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000).

Our Supreme Court, in *Hoover v. State*, reiterated that "offender classification and release eligibility are non-jurisdictional and may be used as bargaining tools by the State and the defense in plea negotiations." 215 S.W.3d 776, 780 (Tenn. 2007). Further, that a defendant may waive any irregularity concerning his offender classification or release eligibility. *Id*. at 780-81.

In the case under submission, the record reflects that the following occurred during the Defendant's guilty plea hearing:

THE COURT: Now, was notice given that he's a Range II offender?

[STATE'S ATTORNEY]: Judge, and we have a waiver of that notice. The only prior felony conviction that we have was the revocation sentence and I failed to include that form in the plea, I apologize.

[DEFENDANT'S COUNSEL]: He's signing right now, Your Honor.

THE COURT: Now, [Defendant's], I have in front of me a waiver of notice of intent to seek enhanced punishment, and it says, "Comes now the defendant, with his attorney . . . and hereby waives the required notice by the State of its intent to seek enhanced punishment pursuant to TCA 40-35-202, and the defendant is to be sentenced as a Range II offender."

Now you have signed this document, have you not, sir?

THE DEFENDANT: Yes, Sir.

THE COURT: You have any questions about that at all?

THE DEFENDANT: No, Sir.

THE COURT: Do you understand that you are pleading outside of the range, but you are pleading to the possibility of being released at an earlier date? Is that what you understand?

THE DEFENDANT: Yes, sir.

-5-

THE COURT: In other words, you are pleading as a Range II offender.

THE DEFENDANT: Okay.

The Defendant waived any irregularity concerning his offender classification, and were we to consider his motion a petition for habeas corpus relief, he would not be entitled to relief.

### III.  Conclusion

Based upon the foregoing reasoning and authorities, we conclude that the trial properly dismissed the Defendant's motion.

_____
ROBERT W. WEDEMEYER, JUDGE